```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
FELICE RUBINO,
```

                Plaintiff,                      **MEMORANDUM AND ORDER**
                                                                         09-CV-5187 (DH) (AKT)

       - against -

TOWN OF BABYLON; SUFFOLK COUNTY
POLICE DEPARTMENT,

                Defendants.
----------------------------------------------------------X
**A P P E A R A N C E S :**

**EDWARD D. DOWLING IV, Esq.**
Attorney for Plaintiffs
132 Foxdale Lane
Port Jefferson, New York 11777

**LAW OFFICES OF MARK A. CUTHBERTSON**
Attorneys for Defendant Town of Babylon
434 New York Avenue
Huntington, New York 11743
By: Jessica P. Driscoll, Esq.

**CHRISTINE MALAFI**
**SUFFOLK COUNTY ATTORNEY**
Attorney for Defendant Suffolk County Police Department
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, New York 11788
By: Arlene S. Zwilling, Assistant County Attorney

**HURLEY, Senior District Judge:**

       Plaintiff Felice Rubino ("Plaintiff") brings this action against defendants Town of Babylon ("Town") and Suffolk County Police Department ("SCPD") (collectively, "Defendants") seeking recovery for alleged violations of his constitutional rights under 42 U.S.C. § 1983 arising out of Defendants' alleged unconstitutional raid of Plaintiff's business.

The Town moves to dismiss complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12 (b)(6). For the reasons that follow, the Town's motion is granted.

## BACKGROUND

The following facts are drawn from the complaint.

Plaintiff is a resident of the Town and owns a business in the Town called the Zodiac Lounge, a club frequented by members of the gay and lesbian community. Plaintiff alleges that the Town and the SCPD "raided the Zodiak Lounge on August 28, 2008 and cited violations in a discriminatory and harassing manner." (Compl. ¶ 10.) Specifically, Plaintiff alleges that John Farrell, the Town Enforcer, threatened Plaintiff and referred to him as "a gay [b]astard." (*Id.*) Mr. Farrell allegedly stated that "[g]ay issue or not[,] if you F . . K with the Town the Town will F . . K with you." (*Id.*) Plaintiff alleges that the Town discriminatorily singled out his business based upon Plaintiff's sexual orientation as well as the sexual orientation of the Lounge's clientele. Plaintiff claims that Defendants' actions were the result of complaints of several community members who sought the removal of Plaintiff's business from the neighborhood due to its clientele.

Plaintiff seeks an Order declaring that his constitutional rights were violated and compensatory and punitive damages pursuant to 42 U.S.C. § 1983. Without any elaboration as to which rights he was deprived, with the exception of his Fourth Amendment right to be free from unreasonable searches, Plaintiff asserts that "[t]his action arises under the United States Constitution, particularly under the provisions of the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and under the federal law, particularly 42 U.S.C. § 1983." (*Id.* ¶ 2.) With regard to the Fourth Amendment, Plaintiff alleges that Defendants

conducted an improper and unreasonable search of both his business and adjoining apartment without a warrant. (*Id.* ¶ 10.)

**DISCUSSION**

**I.**   *Motion to Dismiss: Legal Standards*

Rule 8(a) provides that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has recently clarified the pleading standard applicable in evaluating a motion to dismiss under Rule 12(b)(6).

First, in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), the Court disavowed the well-known statement in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 550 U.S. at 561. Instead, to survive a motion to dismiss under *Twombly*, a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.* at 555 (citations and internal quotation marks omitted).

More recently, in *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937 (2009), the Supreme Court provided further guidance, setting forth a two-pronged approach for courts deciding a motion to dismiss. First, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." 129 S. Ct. at 1950. "While legal

conclusions can provide the framework of a complaint, they must be supported by factual assumptions." *Id.* Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 555).

Second, "[w]hen there are well-pleaded factual allegations a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. The Court defined plausibility as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* at 1949 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted).

## II. The Town's Motion to Dismiss is Granted

### A. *Section 1983: Applicable Standards*

A plaintiff may assert a cause of action pursuant to Section 1983 against any "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Because "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred' . . . [t]he first step in [analyzing] any such claim is to identify the specific [federal] right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citation omitted) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

4

It is well-established that a municipality may not be held liable under Section 1983 on a *respondeat superior* theory of liability for its employees' alleged constitutional violations. *See Monell v. N.Y. City Dep't of Soc. Services*, 436 U.S. 658, 691 (1978); *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995). A municipal entity may only be liable if the alleged conduct was undertaken pursuant to "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [its] officers" or a "governmental 'custom' even though such a custom has not received formal approval through official decision making channels." *Monell*, 436 U.S. at 690-91. Accordingly, in order to bring a Section 1983 claim against a municipal defendant, a plaintiff must establish both a violation of his constitutional rights and that the violation was motivated by a municipal custom or policy. *Id.*; *see also Coon v. Town of Springfield, Vt.*, 404 F.3d 683, 686 (2d Cir. 2005) ("[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.").

The existence of a municipal policy or custom may be pled in any of four ways. A plaintiff may allege that his constitutional injuries arose from: "(1) the existence of a formal policy officially endorsed by the municipality; (2) actions taken or decisions made by municipal officials with final decision making authority, which caused the alleged violation of plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a custom of which constructive knowledge can be implied on the part of the policymaking officials; or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to 'deliberate indifference' to the rights of those who come in contact with the municipal employees." *Williams v. City of Mount Vernon*, 428 F. Supp. 2d 146, 159 (S.D.N.Y. 2006) (citing *Moray v.*

*City of Yonkers*, 924 F. Supp. 8, 12 (S.D.N.Y. 1996)); *see also Bonds v. Suffolk County Sheriff's Dep't*, 2006 WL 3681206, at *2 (E.D.N.Y. Dec. 5, 2006) (same); *Peterson v. Tomaselli*, 2004 WL 2211651, at *9 (S.D.N.Y. Sept. 30, 2004) (same).

>    **B.**    ***Plaintiff Has Not Alleged that his Injury was the Result of any Municipal Policy, Custom, or Practice***

Plaintiff alleges that the Town violated his constitutional rights by singling out his business in a discriminatory fashion based upon the sexual orientation of both Plaintiff and his business's clientele. In support of his claim, Plaintiff alleges that the Town Enforcer shouted anti-gay epithets at him and that several members of the community filed false complaints about Plaintiff's business. There are no factual allegations, however, that would support a plausible inference that the Town's policies or customs caused the violations of Plaintiff's rights. Although Plaintiff's opposition papers to the instant motion refer to the Town's allegedly discriminatory policy against gays and lesbians, there is no mention of any such policy in the Complaint. Nor is there any reference to a widespread persistent practice in the Town of discriminating against gays.

Plaintiff also does not allege that his injuries resulted from the Town's failure to train its officers, another possible ground upon which to base a claim for municipal liability. *See Sylla v. City of New York*, 2005 WL 3336460, at *6 (E.D.N.Y. Dec. 8, 2005). Nor can the Complaint be read to contain such an allegation because Plaintiff would have had to "not only allege a failure to train, but that there exists 'a deliberate [Town] policy of failing to train its . . . officers in how to act with [particular] individuals.'" *Id.* (quoting *Anthony v. City of New York*, 339 F.3d 129, 140 (2d Cir. 2003)). No such allegations exist in the Complaint.

6

Finally, the Complaint does not allege (and Plaintiff does not address in his opposition papers) that the Town Enforcer acted with final policy-making authority with respect to decisions to raid businesses and issue citations. *See Birmingham v. Ogden*, 70 F. Supp. 2d 353, 374 (S.D.N.Y. 1999) ("Under *Pembaur*, the decisionmaker must be responsible for establishing final government policy respecting the particular activity before the municipality can be liable.") (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986)).

In sum, even assuming the truth of Plaintiff's allegations, nothing in Plaintiff's Complaint suggests that the Town's acts were undertaken in accordance with any municipal policy or custom. Accordingly, the Court finds that Plaintiff's allegations against the Town are not sufficient to state a claim for municipal liability under *Monell*.[1]

## *CONCLUSION*

For the foregoing reasons, the Town's motion to dismiss the Complaint is granted. Although Plaintiff has not specifically requested leave to amend, Plaintiff does reference new factual allegations in his opposition papers. Accordingly, the Court grants Plaintiff permission to serve and file an Amended Complaint on or before December 1, 2010. Plaintiff is hereby advised that failure to remedy any pleading defect as detailed in this decision may result in

---

[1] Although the SCPD did not move to dismiss the Complaint, the Court's findings with regard to the Town apply with equal force to the SCPD.

dismissal of Plaintiff's Complaint with prejudice.[2]

**SO ORDERED**

Dated: Central Islip, New York
      November 12, 2010                                              /s_____
                                                                                  Denis R. Hurley
                                                                                  United States District Judge

---

[2] In addition to pleading a municipal policy, Plaintiff shall also specifically identify the constitutional rights that have allegedly been violated. *See Sforza v. City of N.Y.*, 2009 WL 857496, at *12 (S.D.N.Y. Mar. 31, 2009) (finding that where complaint alleged violations of various constitutional rights without identifying rights at stake, plaintiff "failed to meet the Rule 12(b)(6) standard requiring her to provide the grounds upon which [her] claim rests through factual allegations sufficient to raise a right to relief above the speculative level" and failed to provide defendants with "fair notice of what the claim is and the grounds upon which it rests") (citations and internal quotation marks omitted).