UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
FELICE RUBINO,

                Plaintiff,                  **MEMORANDUM AND ORDER**
                                                                         09-CV-5187 (DRH) (AKT)

        - against -

TOWN OF BABYLON; SUFFOLK COUNTY
POLICE DEPARTMENT,

                Defendants.
----------------------------------------------------------X
**APPEARANCES:**

**EDWARD D. DOWLING IV, Esq.**
Attorney for Plaintiffs
132 Foxdale Lane
Port Jefferson, New York 11777

**LAW OFFICES OF MARK A. CUTHBERTSON**
Attorneys for Defendant Town of Babylon
434 New York Avenue
Huntington, New York 11743
By: Jessica P. Driscoll, Esq.

**DENNIS M. COHEN**
**SUFFOLK COUNTY ATTORNEY**
Attorney for Defendant Suffolk County Police Department
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, New York 11788
By: Arlene S. Zwilling, Assistant County Attorney

**HURLEY, Senior District Judge:**

       Plaintiff Felice Rubino commenced this action against defendants Town of Babylon

("Town") and Suffolk County Police Department (the "SCPD" or the "County")[1] seeking

---

[1] Defendant Suffolk County Police Department argues, and plaintiff does not dispute, that it is "not a suable entity," and that "the correct defendant where an action is brought under § 1983 to recover for the alleged action of the Suffolk County Police Department is the County of Suffolk." (Def.'s Mem. at 1 n.1.)

recovery for alleged violations of his constitutional rights under 42 U.S.C. § 1983 ("Section 1983") arising out of defendants' alleged raid of plaintiff's business. Presently before the Court is the County's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure ("Rule") 12(c) or, in the alternative, summary judgment pursuant to Rule 56. For the reasons that follow, the County's motion is granted and the Amended Complaint is dismissed with prejudice as against the County.

## BACKGROUND

The following facts are drawn from the Amended Complaint.

Plaintiff is a resident of the Town and owns a business in the Town called the Zodiac Lounge, a club frequented by members of the gay and lesbian community. Plaintiff alleges that the Town and the SCPD "raided the Zodiak Lounge on August 28, 2008 and cited violations in a discriminatory and harassing manner." (Am. Compl. ¶ 10.) Specifically, plaintiff alleges that John Farrell, the Town Enforcer, threatened plaintiff and referred to him as "a gay [b]astard." (*Id.*) Mr. Farrell allegedly stated that "[g]ay issue or not[,] if you F . . K with the Town the Town will F . . K with you." (*Id.*) Plaintiff alleges that the Town discriminatorily singled out his business based upon plaintiff's sexual orientation as well as the sexual orientation of the Lounge's clientele. Plaintiff claims that defendants' actions were the result of complaints of several community members who sought the removal of plaintiff's business from the neighborhood due to its clientele.

Plaintiff asserts that defendants violated his Fourth Amendment rights by conducting an improper and unreasonable search of both his business and adjoining apartment without a warrant. (*Id.* ¶ 10.) Plaintiff seeks a declaration that his constitutional rights were violated, as well as compensatory and punitive damages pursuant to Section 1983.

By Memorandum & Order dated November 12, 2010, the Court dismissed the original Complaint as against both the Town and the County because "even assuming the truth of Plaintiff's allegations, nothing in Plaintiff's Complaint suggest[ed] that the Town's acts [or the SCPD's acts] were undertaken in accordance with any municipal policy or custom." (Nov. 2010 Decision at 7 & n.1.) The Court concluded that plaintiff failed to sufficiently state a claim for municipal liability as against the Town or the County. (*See id.*) The Court granted plaintiff leave to re-plead, but warned that "failure to remedy any pleading defect as detailed in this decision may result in dismissal of Plaintiff's Complaint with prejudice." (*Id.* at 7-8.)

### DISCUSSION

**I.      Legal Standard**

     **A.      *Rule 12(b)(6) and Rule 12(c)***

The County moves for judgment on the pleadings pursuant to Rule 12(c). Because the County has yet to file an Answer to the Amended Complaint, however, it appears this motion is more appropriately made pursuant to Rule 12(b)(6). *C.f. Quartararo v. Catterson*, 917 F. Supp. 919, 930 (E.D.N.Y. 1996) (finding that Rule 12(c) "only becomes operative after the pleadings are closed") (internal alterations and quotation marks omitted). The Court need not decide the issue because "[i]n deciding a Rule 12(c) motion, [a court] appl[ies] the same standard as that applicable to a motion under Rule 12(b)(6)." *Livant v. Clifton*, 272 Fed. Appx 113, 115 (2d Cir. Apr. 7, 2008) (quoting *Desiano v. Warner-Lambert & Co.*, 467 F.3d 85, 89 (2d Cir. 2006)); *see also Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999) (same).

Rule 8(a) provides that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has

recently clarified the pleading standard applicable in evaluating a motion to dismiss under Rule 12(b)(6).

First, in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), the Court disavowed the well-known statement in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 550 U.S. at 561. Instead, to survive a motion to dismiss under *Twombly*, a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.* at 555 (citations and internal quotation marks omitted).

More recently, in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009), the Supreme Court provided further guidance, setting forth a two-pronged approach for courts deciding a motion to dismiss. First, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." 129 S. Ct. at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual assumptions." *Id.* Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 555).

Second, "[w]hen there are well-pleaded factual allegations a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. The Court defined plausibility as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* at 1949 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted).

## II. The County's Motion to Dismiss is Granted

### A. *Section 1983: Applicable Standards*

A plaintiff may assert a cause of action pursuant to Section 1983 against any "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Because "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred' . . . [t]he first step in [analyzing] any such claim is to identify the specific [federal] right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citation omitted) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

It is well-established that a municipality may not be held liable under Section 1983 on a *respondeat superior* theory of liability for its employees' alleged constitutional violations. *See Monell v. N.Y. City Dep't of Soc. Services*, 436 U.S. 658, 691 (1978); *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995). A municipal entity may only be liable if the alleged conduct was undertaken pursuant to "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [its] officers" or a "governmental 'custom' even though such a

5

custom has not received formal approval through official decision making channels." *Monell*, 436 U.S. at 690-91. Accordingly, in order to bring a Section 1983 claim against a municipal defendant, a plaintiff must establish both a violation of his constitutional rights and that the violation was motivated by a municipal custom or policy. *Id.*; *see also Coon v. Town of Springfield, Vt.*, 404 F.3d 683, 686 (2d Cir. 2005) ("[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.").

The existence of a municipal policy or custom may be pled in any of four ways. A plaintiff may allege that his constitutional injuries arose from: "(1) the existence of a formal policy officially endorsed by the municipality; (2) actions taken or decisions made by municipal officials with final decision making authority, which caused the alleged violation of plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a custom of which constructive knowledge can be implied on the part of the policymaking officials; or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to 'deliberate indifference' to the rights of those who come in contact with the municipal employees." *Williams v. City of Mount Vernon*, 428 F. Supp. 2d 146, 159 (S.D.N.Y. 2006) (citing *Moray v. City of Yonkers*, 924 F. Supp. 8, 12 (S.D.N.Y. 1996)); *see also Bonds v. Suffolk County Sheriff's Dep't*, 2006 WL 3681206, at *2 (E.D.N.Y. Dec. 5, 2006) (same); *Peterson v. Tomaselli*, 2004 WL 2211651, at *9 (S.D.N.Y. Sept. 30, 2004) (same).

### B. Plaintiff Has Not Alleged that his Injury was the Result of any Municipal Policy, Custom, or Practice

Aside from an allegation that the SCPD carried out the August 28, 2008 raid, the Amended Complaint is utterly devoid of any allegations at all regarding the County. There are certainly no factual allegations that would support a plausible inference that the County's policies or customs caused any violation of plaintiff's constitutional rights. Neither the Amended Complaint nor plaintiff's opposition papers refer to any allegedly discriminatory policy adopted by the County, or to a widespread persistent practice in the County of discriminating against homosexuals, or to any failure by the County to train its officers. Finally, to the extent the Amended Complaint contains allegations regarding the Town Enforcer, plaintiff does not aver that the Town Enforcer acted with final policy-making authority with respect to *the County's* decisions to raid businesses and issue citations. *See Birmingham v. Ogden*, 70 F. Supp. 2d 353, 374 (S.D.N.Y. 1999) ("Under *Pembaur*, the decisionmaker must be responsible for establishing final government policy respecting the particular activity before the municipality can be liable.") (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986)).

In sum, even assuming the truth of plaintiff's allegations, nothing in plaintiff's Amended Complaint suggests that the SCPD's actions were undertaken in accordance with any County municipal policy or custom. Accordingly, the Court finds that plaintiff's allegations against the County are not sufficient to state a claim for municipal liability under *Monell*.

## *CONCLUSION*

For the foregoing reasons, the County's motion to dismiss the portion of the Amended Complaint in which it is named as a defendant is granted with prejudice.


**SO ORDERED**

Dated: Central Islip, New York
      March 19, 2012　　　　　　　　　　　　　　　　　　／s／　　　　　　　　
                                                           Denis R. Hurley
                                                           United States District Judge