UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
FELICE RUBINO,

                Plaintiff,              **MEMORANDUM AND ORDER**
                                                                             09 CV 5187 (DRH) (AKT)

        - against -

TOWN OF BABYLON and SUFFOLK COUNTY
POLICE DEPARTMENT,

                Defendants.
----------------------------------------------------------X
**APPEARANCES:**

**LAW OFFICE OF EDWARD D. DOWLING, IV**
Attorneys for Plaintiff
132 Foxlane Lane
Port Jefferson, New York 11777
By:    Edward D. Dowling, IV, Esq.

**LAW OFFICES OF MARK A. CUTHERBERTSON**
Attorneys for Defendant Town of Babylon
434 New York Avenue
Huntington, New York 11743
By:    Mark A. Cutherbertson, Esq.
        Jessica P. Driscoll, Esq.


**HURLEY, Senior District Judge:**

        Plaintiff Felice Rubino ("plaintiff") commenced this action against defendant Town of Babylon (the "Town")[1] and asserts that the Town violated his constitutional and civil rights by "raiding and closing down [his] place of business." (Am. Compl. ¶ 7.) Presently before the Court is the Town's motion for summary judgment, made pursuant to Federal Rule of Civil Procedure 56. For the reasons set forth below, the Town's motion is granted.

---

        [1]      Although the Amended Complaint also named the Suffolk County Police Department as a defendant, plaintiff's claims against that entity were dismissed, pursuant to Federal Rule of Civil Procedure 12(c), by Memorandum & Order dated March 19, 2012.

## BACKGROUND

The following material facts, which are drawn from the Amended Complaint and the parties' submissions, are undisputed unless otherwise noted.[2]

### *The Property and the Zodiac Lounge*

Plaintiff, a New York State resident, operated an establishment known as the Zodiac Lounge, located at 760 Sunrise Highway in West Babylon, NY (the "Property"). Plaintiff purchased the Property on August 12, 1998. The Property is located in a "business EB zone" but is adjacent to a residential neighborhood. (Def.'s 56.1 ¶ 4.)

Prior to plaintiff's purchase of the Property, it was the home of a "'rough and tumble bar' which was a source of conflict with the residential neighbors." (*Id.* ¶ 5.) At the time plaintiff purchased the Property, the structure that housed the "rough and tumble bar" remained, but was vacant. Plaintiff "planned to do extensive renovations to the structure and open and operate a bar catering to gay clientele." (*Id.* ¶ 6.) To that end, plaintiff engaged an architect who provided a proposal dated March 1, 1999, (the "Proposal"), "which outlined the necessary legal and practical steps required to be completed in order to perform the extensive interior and exterior renovations requested by [p]laintiff." (*Id.* ¶ 7.)[3] The renovations ultimately undertaken by plaintiff "rebuilt the whole place" from "nuts to bolts," and took eight years to complete. (*Id.* ¶ 11.)

---

[2] Plaintiff has admitted all but two of the statements of fact set forth in the Town's Local Civil Rule 56.1 Statement. (*See* Pl.'s Response to Def.'s 56.1 ¶¶ 17 & 43.)

[3] For example, the Proposal included the following items: "Prepare a set of 'as built drawings,'" "[p]repare the required site plan and building permit," "[p]repare and present your applications to the Town of Babylon Planning Board, Town Board, and Board of Appeals, as required." (Def.'s 56.1 ¶ 8.)

*Applications Granted by the Town of Babylon*

During the course of the renovations, plaintiff applied for many required permits from various departments within the Town and, throughout that process, plaintiff "was open about the fact that he is homosexual and that he intended to open an 'alternative lifestyle' or 'gay' bar." (*Id.* ¶ 13.) Plaintiff admits that the Town granted, in full or part, every application that he submitted regarding the construction and operation of his establishment. (*Id.* ¶ 14 (citing Rubino Dep. at 39 & 96).)

In late 1999, plaintiff applied for building permit No. 118439, which was granted. On May 8, 2001, plaintiff filed an application with the Town Planning Board seeking to convert the vacant structure on the Property into a thirty-six seat coffee shop. (*Id.* ¶ 16.) Several hearings were held, including a public hearing on October 7, 2002, which was attended by several residents of the neighborhood who opposed the application. (*Id.* ¶ 17.) As plaintiff's then-attorney noted at the time, "the primary concern voiced by the neighbors . . . was the proposed creation of a facility that would serve alcoholic beverages at this location." (*Id.*; Def.'s Ex. I (Feb. 11, 2006 Letter of Stephen W. Kretz, Esq.).)[4]

---

[4] Plaintiff disputes that the primary concern voiced at the October 7, 2002 meeting was the serving of alcohol, and "contends that the primary concern was that they did not want a bar catering to the gay and lesbian crowd." (Pl.'s Response to Def.'s 56.1 ¶ 1.) Plaintiff does not cite to any record evidence to support this assertion, but relies instead upon the allegations contained in the Amended Complaint and arguments made by counsel in the legal memorandum filed in opposition to the present motion. (*Id.*) However, citations to pleadings and legal memoranda alone cannot create a question of fact sufficient to defeat a motion for summary judgment. *See Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003); *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998).

After the October 7, 2002 meeting, plaintiff, on the recommendation of counsel, "decided to substantially modify his plans and remove any provisions for the service of alcohol at the premises, and agree[d] that 'non-alcoholic conditions' be imposed." (*Id.* ¶ 18.) Plaintiff re-submitted plans with "a substantially altered floor plan for a coffee shop serving only food and non-alcoholic beverages." (*See id.* ¶ 19; Def.'s Ex. I.) The re-submitted building permit application was ultimately approved on April 26, 2004 by the Town's Planning Board subject to certain covenants and restrictions, which included a prohibition on the service of alcohol and a restriction that the "hours of operation be[ ] no later than 11:00 pm weeknights (Sunday – Thursday) and 12 [am] weekends (Friday and Saturday). (*Id.* ¶¶ 19, 20 (citing Def.'s Ex. H).)

In addition to the building permit, plaintiff filed applications with the Town Zoning Board of Appeals seeking several variances related to off-street parking spaces, front yard setbacks, and the connection of two buildings. All of these requested variances were approved on August 12, 2004. (*Id.* ¶ 21.) Subsequently, plaintiff applied for another building permit to maintain "irregular interior alterations for the café with 36 seats, and exterior alterations and site work." (*Id.* ¶ 22.) Plaintiff's application was granted and the Town issued building permit 2006-0426 on April 28, 2006. (*Id.*) Plaintiff also applied for, and was granted, a public assembly permit for the Zodiac Lounge on January 19, 2007. (*Id.* ¶ 23.) A certificate of occupancy was issued on February 22, 2007, (*id.* ¶ 24), and contained virtually the same covenants and restrictions as were placed on the original building permit issued in April 2004.

In February 2007, plaintiff opened the Zodiac Lounge for business. In May 2007, plaintiff filed an application with the Town Zoning Board of Appeals seeking to modify the

4

applicable covenants and restrictions prohibiting the sale of alcoholic beverages at the Property. (Def.'s Ex. N.) In plaintiff's application, he asserted that his inability to serve alcohol had "placed a significant strain on the successful operation of this business," and that "[p]otential customers have walked away from the Café on a daily basis because beer or wine could not be served to accompany their meal." (*Id.* at 1.) Following a hearing on plaintiff's application, the Zoning Board of Appeals granted the application and modified the covenants and restrictions to allow plaintiff to serve beer and wine. (Def.'s 56.1 ¶ 28.) Plaintiff, however, was still prohibited from serving or allowing the consumption of any alcoholic beverages other than beer and wine on the Property. (*Id.*)

***The August 28, 2008 Incident***

At some point between 11:30 p.m. and 12:00 a.m. on August 28, 2008, members of the Suffolk County Police Department and the Town of Babylon Code Enforcement Division entered the Zodiac Lounge to inspect the premises. (*Id.* ¶ 31.) These Town officials noted several Town Code violations and issued plaintiff and the Zodiac Lounge several summonses for, *inter alia*, (1) posting a wall sign and displaying a portable sidewalk sign without a permit, (2) using the property for residential purposes, (3) allowing the business to be open at 11:55 p.m. on a Thursday evening, in violation of the applicable covenants and restrictions, (4) allowing the business to operate as an adult use within 1,000 feet of residential lots, (5) allowing the building to be utilized as an adult use in violation of the Certificate of Occupancy, (6) and failure to secure a valid public assembly permit. (*Id.* ¶¶ 33-40.)

5

At his subsequent court appearance in connection with these summonses, plaintiff admitted, *inter alia*, that he did not have appropriate sign permits and that patrons were present after 11 p.m. (*Id.* ¶¶ 41-44.) Plaintiff was found guilty of every violation he received on August 28, 2008, and the Zodiac Lounge was found guilty of all but one of the charged violations. (*See id.* ¶ 47.)

## DISCUSSION

### I. Legal Standard

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is only appropriate where admissible evidence in the form of affidavits, deposition transcripts, or other documentation demonstrates both the absence of a genuine issue of material fact and one party's entitlement to judgment as a matter of law. *See Viola v. Philips Med. Sys. of N. Am.*, 42 F.3d 712, 716 (2d Cir. 1994). The relevant governing law in each case determines which facts are material; "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). No genuinely triable factual issue exists when the moving party demonstrates, on the basis of the pleadings and submitted evidence, and after drawing all inferences and resolving all ambiguities in favor of the non-movant, that no rational jury could find in the non-movant's favor. *See Chertkova v. Conn. Gen'l Life Ins. Co.*, 92 F.3d 81, 86 (2d Cir. 1996).

When determining whether a genuinely disputed factual issue exists, "a trial judge must bear in mind the actual quantum and quality of proof necessary to support liability," or "the substantive evidentiary standards that apply to the case." *Anderson*, 477 U.S. at 254-55. The

court must resolve all factual ambiguities and draw all reasonable inferences in favor of the non-moving party. *See Donahue v. Windsor Locks Bd. of Fire Comm'rs*, 834 F.2d 54, 57 (2d Cir. 1987). A district court considering a summary judgment motion must also be "mindful of the underlying standards and burdens of proof," *Pickett v. RTS Helicopter*, 128 F.3d 925, 928 (5th Cir. 1997) (citing *Anderson*, 477 U.S. at 252), because the evidentiary burdens that the respective parties will bear at trial guide the district court in its determination of a summary judgment motion. *See Brady v. Town of Colchester*, 863 F.2d 205, 211 (2d Cir. 1988). Where the non-moving party will bear the ultimate burden of proof on an issue at trial, the moving party's burden under Rule 56 will be satisfied if he can point to an absence of evidence to support an essential element of the non-movant's claim. *See id.* at 210-11. Where a movant without the underlying burden of proof offers evidence that the non-movant has failed to establish her claim, the burden shifts to the non-movant to offer "persuasive evidence that [her] claim is not 'implausible.'" *Brady*, 863 F.2d at 211 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

## II.     *The Town's Motion for Summary Judgment is Granted*

A plaintiff may assert a cause of action pursuant to Section 1983 against any "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Because "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred' . . . [t]he first step in [analyzing] any

7

such claim is to identify the specific constitutional right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979)).

In his Amended Complaint, plaintiff alleges in catchall fashion that his "First, Fourth, Fifth, Sixth, and Fourteenth Amendment[ ]" rights were violated. (Am. Compl. ¶ 2.) The only further specificity provided in the Amended Complaint is plaintiff's allegation that the August 28, 2008 "raid" of the Zodiac Lounge "violat[ed] his constitutional rights (4th Amendment right to be free from unlawful searches and seizures and First Amendment right to free speech) pursuant to the Town's (unwritten) discriminatory policy against gays and lesbians." (*Id.* ¶ 10.) However, "the result[] of combining the myriad factual events described in the entirety of the [Amended Complaint] with the range of constitutional rights contained in this claim is that [the Town] do[es] not have 'fair notice of what the claim is and the grounds upon which it rests.'" *See Sforza v. City of New York*, 2009 WL 857496, at *12 (S.D.N.Y. Mar. 31, 2009) (quoting *Leibowitz v. Cornell Univ.*, 445 F.3d 586, 591 (2d Cir. 2006)).

More importantly, plaintiff has utterly failed to identify any evidence in the record that establishes, or even suggests, the occurrence of the constitutional violations he alleges. Plaintiff argues that the August 28, 2008 "raid" of his business was motivated by the Town's animus towards "his sexual orientation (gay) and the predominately gay and lesbian clientele of his business." (Pl.'s Opp'n at 2.) As support for this position, plaintiff alleges that during the August 28, 2008 "raid," the "Town Enforcer," John Farrell, called plaintiff a "gay bastard" and stated that "whether it is Gay issue or not if you F..K with the town the town will F..K with you." (Am. Compl. ¶ 10.) Although plaintiff's deposition testimony dovetails with his allegation that

8

Farrell made these alleged comments, (*see* Rubino Dep. at 71), plaintiff has failed to point to any record evidence that would reveal: (1) whether Farrell was actually employed by the Town in any capacity, (2) the contours of Farrell's purported position as "Town Enforcer," (3) what role, if any, Farrell played in initiating or carrying out the August 28, 2008 "raid," or (4) whether Farrell issued (or caused to be issued) any of the summonses that plaintiff or the Zodiac Lounge received as a result of the August 28, 2008 "raid." In fact, plaintiff has admitted that neither the Town nor any of its employees discriminated against him. During his deposition, plaintiff was asked: "Is there anyone employed by the County of Suffolk you claim discriminated against you?" Plaintiff responded: "No. The Town of Babylon did not discriminate against me. Suffolk County did not." (Rubino Dep. at 134-35.)[5]

Overall, plaintiff has failed to present any evidence that would raise a question of fact as to whether the Town engaged in any unconstitutional or discriminatory conduct against plaintiff.

---

[5] In addition, after describing an incident in which two members of the community allegedly discriminated against him based upon his sexual orientation, plaintiff admitted that these individuals "didn't work for the Town of Babylon." (Rubino Dep. at 42-44.)

9

## CONCLUSION

For the reasons set forth above, it is clear that no genuine issues of fact exist that would necessitate a trial. The Town's motion for summary judgment is granted, and the Clerk of the Court is respectfully directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
December 4, 2012

/s/
Denis R. Hurley
Unites States District Judge